Eugene H. McColm

*v.*

State of Illinois.

*Opinion filed March 8, 1923.*

Governmental Function—*Illinois State Reformatory.* The State in conducting the Illinois State Reformatory at Pontiac exercises a governmental function and is not liable for injuries sustained by its employees while in the discharge of their duty.

Social Justice and Equity—*when award will be made.* While no legal liability exists against the State for the injury received by its employees in the discharge of their duties as an act of social justice and equity the Court recommends to the Legislature an appropriation to claimant.

Edward J. Brundage, Attorney General, for State.

The declaration in this case discloses that, the claimant, Eugene H. McColm, was, on February 16, 1922, and for a long time prior thereto, a civil service employee of the State of Illinois and was located at Pontiac, Illinois, and employed in the Illinois State Reformatory, said Reformatory being an institution under the control of said State of Illinois; that by the direction of the officials of said institution, he, the said Eugene H. McColm, was on February 18, 1922, stationed as an officer and instructor on duty in the book bindery, that on said day there was a great deal of work to be done in said department, and in the operating of a paper cutter, and while using due care for his own safety, the knife of said machine came in contact with claimant's hand and thereby the index finger of his left hand was severed below the second joint and that plaintiff is thereby permanently injured.

Claimant further shows that he is a book binder by trade, is of the age of 52 years, is married, and has a wife and family, but no minor child or children; that he has been engaged at said State institution since 1904 with the exception of about one year in 1910-1911 and of about 11 months in 1917-1918; that he is injured and damaged by reason of the injury aforesaid and seeks damages in the amount of $2,000.00.

The Attorney General, in behalf of the State of Illinois has filed a demurrer, which as a matter of law will be sustained by the Court.

The law is well established that the doctrine of *respondeat superior* is not applicable to the State and that in the absence of Statute, the State is not liable for the torts of its officers, agents, inmates or employees; that the Workmen's Compensation Act does not apply to the State and that the State in conducting a State institution exercises a governmental function and is not liable for injuries to employees thereof.

Plaintiff's counsel, in his statement to the Court admits that the

claimant suffered no loss of time and that claimant has been to no expense for treatment, treatment having been administered by the physician at the reformatory.

The plaintiff is a man along in years, is married and evidently has been a valued servant of the State of Illinois and while there is no legal obligation on the part of the State to allow an award for any amount, still we believe that as a matter of good conscience, social justice and equity an award should be made in this case.

It is therefore the judgment of this Court that it be recommended to the Legislature that the claimant be awarded as his damages the sum of one thousand ($1,000.00) dollars.